UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| GREAT DIVIDE WIND FARM 2 LLC, a Delaware corporation, and GREAT DIVIDE WIND FARM 3 LLC, a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>THERESA BECENTI AGUILAR, CYNTHIA HALL, JEFFERSON BYRD, VALERIE ESPINOZA, AND STEPHEN FISCHMANN, in their official capacities as the Commissioners of the New Mexico Public Regulation Commission,<br><br>Defendants. | No: 1:19-cv-99 JB/CG |

## JOINT STATUS REPORT AND PROVISIONAL DISCOVERY PLAN

Pursuant to FED. R. CIV. P. 26(f), a meeting was held telephonically on March 25, 2019 at approximately 11:30 a.m. and was attended by:

Jason Marks for Plaintiffs

Judith Amer for Defendants

## NATURE OF THE CASE

Great Divide Wind Farm, LLC and Great Divide Wind Farm 3, LLC (Plaintiffs) have filed a Complaint for Declaratory and Injunctive Relief declaring the New Mexico Public Regulation Commission's (NMPRC) Order dated November 7, 2018, violates federal law and for injunctive relief. The Complaint requests that this Court declare that the NMPRC's Order is unlawful and is inconsistent with the Federal Energy Regulatory Commission (FERC) rules under the Public Utility Regulatory Policies Act of 1978 ("PURPA").

1

## AMENDMENTS TO PLEADINGS AND JOINDER OF PARTIES

Plaintiff intends to file:  None at this time.

Plaintiff(s) should be allowed until <u>April 19, 2019</u> to move to amend the pleadings

Defendant intends to file:  Defendant does not intend to amend its pleading at this time but reserves the right to amend its Motion to Dismiss in the event the Plaintiff amends its pleadings  and reserves the right to file a Motion to Join other parties.

Defendants(s) should be allowed until <u>May 13, 2019</u>  to move to amend the pleadings and until <u>May 13, 2019</u>  to join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a).

## STIPULATIONS

In the event the Defendants do not prevail on their Motion to Dismiss for lack of subject matter jurisdiction, under Federal Rule Of Civil Procedure, 12 (b) (1), the parties hereto stipulate and agree that venue is properly laid in this District, and that the United States District Court for the District of New Mexico has jurisdiction of the parties. The parties are willing to further stipulate to the following:

1. Plaintiffs Great Divide Wind Farm 2 LLC's and Great Divide Wind Farm 3 LLC's wind energy projects are each a QF under the Federal Power Act, as amended by the Public Utility Regulatory Policies Act of 1978 ("PURPA").

2. GDW2 and GDW3 are alleged in the Complaint paragraph 34 to have an operational date of 2020.

3. Defendants Commissioners Theresa Becenti-Aguilar, Cynthia Hall, Jefferson Byrd, Valerie Espinoza and Stephen Fischmann, each serve in their official capacity as  the current Commissioners of the New Mexico Public Regulation Commission ("NMPRC").

4. El Paso Electric Company (EPE) is an investor-owned electric utility regulated by the NMPRC.

5. The Wind Farms at issue are not currently interconnected to EPE's transmission and distribution system.

6. The Federal Energy Regulatory Commission ("FERC") promulgated rules to implement PURPA at 18 C.F.R. Part 292, in its Order No. 69, *Small Power Production and Cogeneration Facilities; Regulations Implementing Section 210 of the Public Utility Regulatory Policies Act of 1978, 45 Fed. Reg. 12,214 (Feb. 25, 1980).*

7. The NMPRC implements FERC's PURPA regulations in state regulations published at 17.9.570 of the New *Me*xico Administrative Code ("Rule 570").

8. The NMPRC, in a decision rendered on August 3, 2016 in its Case No. 11-00466-UT, dismissed a complaint by Western Water and Power Production, Limited, LLC (WWPP) concerning the existence of a legally enforceable obligation for the Public Service Company of New Mexico ("PNM") to the purchase of energy produced by WWPP. The NMPRC Final Order in Case No. 11-00466-UT ruled that Rule 570.9 requires a QF to demonstrate that it is ready to interconnect and deliver energy before a legally enforceable obligation is recognized. The NMPRC interpreted its own Rule 570.9 to mean that a utility has no obligation to accept a QF's offer, and that no legally enforceable obligation is created, until the facility is *ready to be* interconnected. The NMPRC found that Rule 570.9 imposes the purchase obligation only if the QF is ready to interconnect to the utility's system. The NMPRC dismissed WWPP's complaint because its facility was un-built and therefore was not "ready to be interconnected."

9. WWPP filed a petition for enforcement with FERC in FERC Docket EL17-17-000 alleging that the NMPRC acted contrary to federal law in its NMPRC case. FERC, on

January 6, 2017, issued a Notice of Intent Not to Act on WWPP's petition for enforcement, without any further elaboration (the "2017 FERC Notice of Intent Not to Act").

10. On August 27, 2018, Plaintiffs filed a formal complaint against EPE with the NMPRC, initiating NMPRC Case No. 18-00268-UT, in which Plaintiffs sought that the NMPRC declare the terms of a legally enforceable obligation by which El Paso Electric Company shall purchase the output of Plaintiff's wind facilities at a long-term avoided cost rate.

11. On November 7, 2018, the NMPRC dismissed Plaintiffs' complaint without prejudice on grounds it was "virtually the same as WWPP, and similarly finds this case should be dismissed, according to the plain language of Rule 570.9." And, "The Commission finds that the plain language of Rule 570.9 establishes that at the point in time when a QF is ready to be interconnected, that is when a legally enforceable obligation arises."

12. As further grounds for dismissing Plaintiffs' case, the NMPRC stated that "FERC when asked, in WWPP's appeal to FERC, did not say Rule 570.9 and the NMPRC's Final Order in the WWPP decision were either unfair or wrong. "The NMPRC's ruling was not declared by FERC to be contrary to PURPA and FERC regulations." Final Order, paragraph 12, page 4.

13. On December 6, 2018, Plaintiffs petitioned FERC to bring an enforcement action against the NMPRC for its failure to implement PURPA consistent with PURPA and FERC's regulations in FERC Docket EL19-25-000.

14. On February 4, 2019, FERC issued a Notice of Intent Not to Act and Declaratory Order. Great Divide Wind Farm 2 LLC and Great Divide Wind Farm 3 LLC, 166 FERC ¶ 61,090 (2019) ("2019 FERC Notice of Intent Not to Act and Declaratory Order") wherein

FERC declined to initiate an enforcement action under Section 210(h)(2)(A) of PURPA against the NMPRC.

15. In the 2019 FERC Notice of Intent Not to Act , FERC also stated that :

> Notices of Intent Not to Act in the absence of an associated declaratory order cannot be read to mean that the Commission has accepted or agreed with (or alternatively, rejected or disagreed with) any argument made by any party, or with any substantive determination by a state regulatory authority or unregulated electric utility described in the petition for enforcement. The Commission's silence is not evidence of a Commission determination on the merits of the parties' arguments . . .the New Mexico Commission should not rely on the January 2017 Notice of Intent Not to Act [in the WWPP docket] as a ruling that the New Mexico Commission has correctly interpreted or applied the Commission's regulations, or that the New Mexico Commission's actions complained of here are consistent with (or, alternatively, are inconsistent with) this Commission's regulations.

The parties further stipulate and agree that the law governing this case is: PURPA Section 210, which is 16 U.S.C. § 824a-3, Federal Power Act Section 3(17)(C); FERC implementing regulations at 18 CFR Part 292; federal caselaw construing these federal laws., and to the extent they are consistent with and not preempted by federal law, NMPRC Rule 570 and the New Mexico Public Utility Act, Sections 62-1-1 et seq. NMSA 1978.

## **PLAINTIFF'S CONTENTIONS:**

The Complaint arises under the Public Utility Regulatory Policies Act of 1978 ("PURPA"), and Federal Energy Regulatory Commission (FERC) rules implementing PURPA that require public utilities to purchase the power produced by qualifying small power production facilities (termed a "QF") under certain circumstances.

Plaintiffs contend that under FERC rules and decisions applying those rules, the NMPRC is required to impose a "legally enforceable obligation" on an electric utility that it regulates to purchase the electric energy that a QF commits to provide to the utility, upon the QF's commitment to sell such energy, including a commitment relating to a facility that is under

development and is not yet constructed. In the NMPRC Order that led to this case, the NMPRC dismissed Plaintiffs' formal complaint that sought the NMPRC to declare the terms of a legally enforceable obligation for El Paso Electric Company to purchase the output of Plaintiffs' wind facilities. The NMPRC's grounds for dismissal were generally that Plaintiffs' wind facilities were not yet constructed and ready for interconnection, which is a precondition for a legally enforceable obligation under NMPRC Rule 17.9.570.9 NMAC (Rule 570.9). Plaintiffs contend this requirement is an unlawful implementation of PURPA. In addition to declaratory relief, Plaintiffs ask that the Court enjoin Defendants to issue an order implementing FERC's rules under PURPA in a manner that is consistent with FERC rules under PURPA. Plaintiffs contend that, if Rule 570.9 is found to be an unlawful implementation of FERC rules, they are entitled to an Order directing Defendants to lawfully implement PURPA without a further showing.

Plaintiffs' also contend that FERC is correct when it stated in its 2019 FERC Notice of Intent Not to Act and Declaratory Order that the NMPRC erred in taking FERC's silence in the WWPP docket as an affirmation of the NMPRC's implementation of FERC's regulations.

In sum, Plaintiffs contend that the NMPRC has failed to properly implement FERC'S PURPA rules, in that NMPRC Rule 570.9 unlawfully imposes readiness for interconnection as a precondition on a QF's federally-mandated right to obtain a legally enforceable obligation for an electric utility to purchase its power.

## **DEFENDANT'S CONTENTIONS**

First, the Defendants have contended in their Motion to Dismiss due to lack of subject matter jurisdiction that Plaintiff's contention that the NMPRC's Final Order is unlawful is an "as-applied" challenge to PURPA because it involves a contention the NMPRC's Final Order as applied to EPE is unlawful. Thus the New Mexico state courts, not the federal courts, have

exclusive jurisdiction over Plaintiff's claims and therefore this Complaint should be dismissed due to lack of subject matter jurisdiction. Defendants further contend that the NMPRC's Final Order and its own Rule 570.9 are not contrary to FERC regulations or PURPA where it requires a QF to demonstrate it is ready to be interconnected to and deliver energy to a utility before a purchase obligation is recognized. The NMPRC had consistently ruled that Rule 570.9 states that a utility has no obligation to accept a QF's offer, and that no legally enforceable obligation is created, until the facility is *ready to be* interconnected. Rule 570.9 imposes the purchase obligation only if the QF is ready to interconnect to the utility's system. In two virtually identical cases brought before FERC on this exact issue, FERC issued two Notices of Intent Not to Act and expressly declined to issue a declaratory order stating that in either case the NMPRC's Rule 570.9 was wrong, unlawful or contrary to PURPA and FERC regulations. The NMPRC does not stipulate to Paragraphs 45, 55, 56 and 59 nor to any allegation of irreparable harm or harm to Plaintiffs from the Final Order in Case No. 18-00268-UT. The Final Order dismissed the 18-00268-UT without prejudice so there is no harm to Plaintiffs because Plaintiffs are not barred from filing another formal complaint against EPE with the NMPRC at any time.

**PROVISIONAL DISCOVERY PLAN**
The parties jointly propose to the Court the following discovery plan: *(Use separate paragraphs or subparagraphs as necessary if parties disagree.)*

> List all witnesses who, at this time, you think will either testify or be deposed, giving their name, title, address and a brief summary of their testimony. It is insufficient to list witnesses' addresses, save for clients, "in care of counsel."
>
> List all documents which you believe, at this time, will be exhibits at the trial.
>
> List all experts who you believe, at this time, will testify at the trial, giving their name, address, area of expertise, and a brief summary of the anticipated testimony.

Witnesses identified by Plaintiffs:

Witnesses identified by Defendant

1. Roberto Favela, Principal Engineer in EPE's System Planning Department. El Paso Texas, 79960

2. David Hawkins | El Paso Electric Company

    Vice President – Generation and System Planning & Dispatch

    El Paso Texas, 79960

3. Further witnesses may be necessary in the event that Plaintiffs identify further witnesses.

Documents which may be exhibits identified by Plaintiffs

1. The NMPRC Order in Case No. 18-00268_UT dismissing Plaintiffs' complaint to the NMPRC without prejudice , which is Exhibit 1 to the Complaint (Doc. 1-1).

2. 2019 FERC Notice of Intent Not to Act, which is Exhibit 2 to the Complaint (Doc. 1-2).

3. The NMPRC Order dismissing WWPP's complaint to the NMPRC, in Case No. 11-00466-UT.

Documents which may be exhibits identified by Defendant

1. Case No. 18-00268-UT, EPE's Motion to Dismiss Complaint for Lack of Probable Cause and Memorandum of Points and Authorities.
2. Case No. 18-00268-UT, Affidavit of Roberto Favela, Principal Engineer in EPE's System Planning Department, attached to EPE's Motion to Dismiss.

3. Case No. 18-00268-UT. EPE's Answer to Formal Complaint.
   4. Case No. 18-00268-UT. Great Divide's Response to Motion to Dismiss.
   5. Case No. 18-00268-UT, EPE's Motion for Leave to File Reply.
   6. 2017 FERC Notice of Intent Not to Act.

Plaintiffs' Experts:   None.

Defendant's Experts:   None.


Discovery will be needed on the following subjects:  Defendants contend in their pending Motion to Dismiss that the Plaintiffs' Complaint is an "as-applied" challenge and that the federal courts lack jurisdiction over this matter.  In the event the pending Motion to Dismiss is not granted, discovery is unneeded on the question of whether Rule 570.9 is a lawful implementation of FERC's PURPA rules, which is a pure legal question.  If Plaintiffs put forward a witness, either by their own choice or required by the Court, on the question of harm, Defendants should be allowed to conduct discovery on that witness's testimony, to include up to 10 interrogatory, 10 requests for admissions, and a deposition.   In that event, Plaintiffs reserve the right to conduct discovery on Defendants witnesses with the same parameters.

If there is discovery, supplementation required under Rule 26(e) due <u>within 30 days</u> *(set time(s) or interval(s)),* and all discovery commenced in time to be complete by August 1, 2019.

Other Items:  *(Use separate paragraphs or subparagraphs as necessary if other parties disagree.)*

## **PRETRIAL MOTIONS**

Plaintiff intends to file:  Motion for Judgment on the Pleadings and/or Motion for Summary Judgment.

Defendant intends to file a Response to Motion for Judgment on the Pleadings and/or Motion for Summary Judgment.

## **ESTIMATED TRIAL TIME**

The parties estimate trial will require 1 day.

 X   This is a non-jury case.

____ This is a jury case

The parties request a pretrial conference in _____.

## **SETTLEMENT**

The possibility of settlement in this case is considered <u>unlikely</u>.

## **EXCEPTIONS**


APPROVED WITH/WITHOUT EXCEPTIONS
(note exceptions above)

*Jason Marks /s/*

For Plaintiff

*Judith Amer /s /*
For Defendant