# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

GREAT DIVIDE WIND FARM 2 LLC, a
Delaware corporation, and
GREAT DIVIDE WIND FARM 3 LLC, a
Delaware corporation,

       Plaintiffs,

v.

THERESA BECENTI AGUILAR,
CYNTHIA HALL, JEFFERSON BYRD,
VALERIE ESPINOZA, AND STEPHEN
FISCHMANN, in their official capacities
as the Commissioners of the New Mexico
Public Regulation Commission,

       Defendants.

No:   1:19-cv-99

## AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

COME NOW, Plaintiffs, GREAT DIVIDE WIND FARM 2 LLC and GREAT DIVIDE

WIND FARM 3 LLC (collectively "Great Divide"), by and through undersigned counsel, with

their Amended Complaint for Declaratory and Injunctive Relief, seeking an order of this Court

declaring that the New Mexico Public Regulation Commission ("Commission" or "NMPRC"),

through its Rule 570 and its interpretation of Rule 570, has adopted an implementation plan that

violates the Public Utility Regulatory Policies Act of 1978 ("PURPA") and regulations issued by

the Federal Energy Regulatory Commission ("FERC") pursuant to PURPA, and enjoining the

Commission to lawfully implement federal law.[1]

---

[1] This Amended Complaint is filed pursuant to the Court's Memorandum Opinion and Order
filed on May 16, 2019 (Doc. 55) ("Memorandum Opinion"), granting in part and denying in part
Defendants' Joint Motion to Dismiss Plaintiffs' Complaint.

## INTRODUCTION

1.      Congress enacted PURPA to encourage the development of alternative energy sources.

2.      To encourage the development of such energy sources, FERC's regulations give "qualifying small power production facilities" (referred to hereinafter as "QFs" or "qualifying facilities") the right to provide energy to electric utilities pursuant to a "legally enforceable obligation" for delivery over a specified term, at rates based on the utilities' long-term avoided costs.

3.      The NMPRC implements FERC's PURPA regulations through its Rule 17.93.570 ("Rule 570") and its interpretation of that Rule.

4.      The NMPRC, as part of its implementation plan for PURPA and FERC's regulations, both interprets Rule 570 and holds that its plain meaning is not to impose a legally enforceable obligation on electric utilities until _after_ QFs are constructed and ready to interconnect.

5.      NMPRC's implementation plan violates PURPA and FERC's regulations because the plan imposes unlawful preconditions on the ability of a QF to obtain a legally enforceable purchase obligation for a utility to purchase the QF's output over a specified term at an avoided cost rate.

6.      Accordingly, Plaintiffs ask that the Court declare the NMPRC's Rule 570 and its interpretation of Rule 570 to be invalid under federal law.  Plaintiffs further ask that the Court enjoin the NMPRC to implement a lawful implementation plan consistent with PURPA and FERC's regulations.

4136-2316-8284.2

## PARTIES

7.      Plaintiffs are Delaware limited liability companies, and each is registered as a foreign limited liability company with the New Mexico Secretary of State.

8.      Plaintiffs are wholly owned by Scout Clean Energy, LLC ("Scout"), a Delaware limited liability company.

9.      Plaintiffs are developers of two New Mexico wind energy generating projects, Great Divide Wind Farm 2 and Great Divide Wind Farm 3.

10.     Plaintiffs' wind projects are located on separate sites, 1.16 miles apart, in Grant County, NM, approximately 16 miles northeast of Lordsburg, NM.

11.     Each project is a QF.

12.     Defendant Theresa Becenti Aguilar is the District 4 Commissioner and the Chair of the NMPRC and is sued in her official capacity.

13.     Defendant Cynthia B. Hall is the District 1 Commissioner of the NMPRC and is sued in her official capacity.

14.     Defendant Jefferson Byrd is the District 2 Commissioner of the NMPRC and is sued in his official capacity.

15.     Defendant Valerie Espinoza is the District 3 Commissioner of the NMPRC and is sued in her official capacity.

16.     Defendant Stephen Fischmann is the District 5 Commissioner of the NMPRC and is sued in his official capacity.

## JURISDICTION AND VENUE

17.     The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the action brings claims arising under federal law.

3

18.    The Court also has subject matter jurisdiction over this action pursuant to 16 U.S.C. § 824a-3(h)(2)(B), because Plaintiffs, as QFs, challenge the implementation of PURPA and FERC's regulations under PURPA by a state regulatory authority, the NMPRC.

19.    Plaintiffs have satisfied the jurisdiction prerequisites of an implementation challenge by filing a petition for enforcement with FERC concerning the same implementation defects that are the subject of this Amended Complaint. *Great Divide Wind Farm 2 LLC and Great Divide Wind Farm 3 LLC*, 166 FERC ¶ 61,090 (2019).  FERC issued a Notice of Intent Not to Act and Declaratory Order in response to Plaintiff's petition.[2]

20.    The Court is empowered by PURPA to grant appropriate injunctive relief to remedy the NMPRC's failure to lawfully implement PURPA and FERC's PURPA regulations. 16 U.S.C. 824a-3(h)(2).

21.    The Court is also empowered to grant declaratory relief by 28 U.S.C § 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure, and to grant preliminary and permanent injunctive relief by, *inter alia*, 28 U.S.C § 2202, Rule 65 of the Federal Rules of Civil Procedure, and *Ex Parte Young*, 209 U.S. 123 (1908).

22.    The Court has personal jurisdiction over Defendants because each Defendant conducts all her or his duties as an officer of the NMPRC in New Mexico.  The NMPRC is located at 1120 Paseo De Peralta, PERA Building, P.O. Box 1269, Santa Fe, New Mexico 87504.

23.    Venue is proper under 28 U.S.C. § 1391(b)(1) and (2) because the events giving rise to this action occurred in New Mexico.

---

[2]Filed as Doc. 1-2.

4

## PURPA, FERC'S REGULATIONS, AND NMPRC'S IMPLEMENTATION PLAN

24.      PURPA and FERC's regulations require public utilities to purchase the power generated or to be generated by QFs at the utilities' avoided costs.  18 CFR § 292.304.

25.      QFs have the option to offer their power to utilities on either an "as available" basis or to provide it "pursuant to a legally enforceable obligation for the delivery of energy or capacity over a specified term."  18 C.F.R. § 292.304(d).

26.       When a QF's electric power is offered pursuant to a "legally enforceable obligation" to deliver power "over a specified term," the rates for such purchases shall, at the option of the QF exercised prior to the beginning of the specified term, be based on either: (i) the avoided costs calculated at the time of delivery; or (ii) the avoided costs calculated at the time the obligation is incurred.  18 C.F.R. § 292.304(d)(2).

27.      In giving QFs the option to make their power available to electric utilities at rates based on long-term avoided costs, FERC contemplated "contractual commitments based, by necessity, on estimates of future avoided costs."  FERC Order No. 69, 45 Fed. Reg. at 12,224.

28.      As FERC explained in its Order No. 69[3] adopting regulations implementing PURPA, "to be able to evaluate the financial feasibility of a cogeneration or small power production facility, an investor needs to be able to estimate, with reasonable certainty, the expected return on a potential investment *before* construction of the facility."  FERC Order No. 69, 45 Fed. Reg. at 12,218 (emphasis added).

---

[3] *Small Power Production and Cogeneration Facilities; Regulations Implementing Section 210 of the Public Utility Regulatory Policies Act of 1978*, Order No. 69, 45 Fed. Reg. 12,214 (Feb. 25, 1980), FERC Stats. & Regs. ¶ 30,128 (1980) ("FERC Order No. 69").

29.   The establishment of a PURPA implementation plan that, among other things, makes legally enforceable obligations available to QFs, is delegated to state commissions, *e.g.*, the NMPRC.  16 U.S.C. § 824a-3(f); *FERC v. Mississippi*, 456 U.S. 742 (1982).

30.   The NMPRC implements PURPA and FERC's regulations in Title 17, Chapter 9, Part 570 of the New Mexico Administrative Code ("Rule 570"), and through its interpretation of Rule 570.

31.   Rule 570 provides in pertinent part:

17.9.570.9 OBLIGATION TO PURCHASE:

A.      Each utility shall purchase power from a qualifying facility from the date of interconnection at the utility's avoided cost.  An electric utility is obligated to purchase power from a qualifying facility at the utility's avoided cost regardless of whether the electric utility making such purchase is simultaneously selling power to the qualifying facility.

B.      The qualifying facility shall give the utility at least sixty (60) days written advance notice to interconnect.  Such notice shall specify the date the qualifying facility will be ready for interconnection, the date the qualifying facility will be able to commence testing, and the anticipated date of operation after testing.  The qualifying facility shall pay the estimated costs of interconnection in full at the time the notice to interconnect is given.  The utility shall pay a qualifying facility for any energy produced during testing of the qualifying facility at the appropriate energy rate pursuant to Subsection B of 17.9.570.11 NMAC.

32.   Rule 570 does not define or use the term "legally enforceable obligation" or otherwise expressly address the concept.[4]

---

[4] *In the Matter of the Formal Complaint of Great Divide Wind Farm 2 and Great Divide Wind Farm 3 Against El Paso Electric Company*, NMPRC Case No. 18-00268-UT, Final Order Dismissing Complaint Without Prejudice at ¶ 8 (Nov. 7, 2018) ("NM Order").  The NM Order is attached as Exhibit 1 (Doc. 56-1).

33.     In a NMPRC case filed by Western Water and Power Production Limited, LLC ("WWPP") in 2011, but not decided until 2016, the NMPRC, as part of its PURPA implementation plan, held Rule 570 to mean that a utility has no obligation to accept a QF's offer, and that no legally enforceable obligation is created until the generating facility is constructed, capable of operating safely and commencing delivery of power into the utility system, and ready to be interconnected.[5]  The NMPRC stated that since, under Rule 570, a utility "shall purchase power from a qualifying facility from the date of interconnection at the utility's avoided cost," the utility's purchase obligation begins on the date of interconnection and "it logically follows that a utility does not have an obligation to purchase power from a QF before the date of interconnection."[6]

34.     In a 2018 NMPRC case filed by Plaintiffs, the NMPRC, again as part of its PURPA implementation plan, reiterated that no legally enforceable obligation is created until the generating facility is constructed and ready to be interconnected, relying on both its "interpretation" of Rule 570 and the Rule's "plain meaning."[7]

35.     It is a violation of PURPA and FERC's regulations for a state regulatory commission to impede the development of renewable energy projects under PURPA by requiring more than a QF's commitment as a prerequisite to the creation of a legally enforceable purchase obligation.[8]

---

[5] *Western Water and Power Production, Limited, LLC v. Public Service Company of New Mexico*, Case No. 11-00466-UT, Final Order Dismissing Complaint at ¶ 18 (N.M. Pub. Regulation Comm'n Aug. 3, 2016).

[6] *Id.*

[7] NM Order at ¶¶ 8, 9, 17, 19, and 21 (relying variously on its "interpretation" of Rule 570 and its "plain" meaning).

[8] *FLS Energy*, 157 FERC ¶ 61,211 at ¶¶ 20, 23-26 citing 18 C.F.R. § 292.304(d) and FERC Order No. 69.

36.     NMPRC's PURPA implementation, through Rule 570 and its interpretation of Rule 570, violates PURPA and FERC's regulations because it wrongly requires readiness to interconnect, *i.e.*, completed construction of a QF, as a prerequisite to the creation of a legally enforceable obligation.

## CLAIM FOR RELIEF

### COUNT I:  RULE 570, AND THE NMPRC'S INTEPRETATION OF RULE 570, VIOLATES PURPA AND FERC REGULATIONS

37.     Plaintiffs restate and incorporate by reference the allegations in the preceding paragraphs as if fully set forth herein.

38.     The NMPRC is required to implement PURPA and FERC's regulations, consistent with federal law.

39.     The NMPRC has failed to lawfully implement PURPA and FERC regulations because, under its implementation plan, specifically Rule 570 and its interpretation of Rule 570, the NMPRC, in violation of PURPA and FERC's regulations, improperly requires QFs to construct their generating facilities and be ready to interconnect as a prerequisite to the creation of a legally enforceable obligation.

40.     Plaintiffs are entitled to a judgment declaring Rule 570 and NMPRC's interpretation of Rule 570 invalid under federal law.

41.     Plaintiffs are entitled to injunctive relief requiring Defendants to implement an implementation plan consistent with federal law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that this Court enter an Order:

a.     Declaring Rule 570 and NMPRC's interpretation of Rule 570 invalid under
        PURPA and FERC's regulations because, as part of the NMPRC PURPA

8

implementation plan, NMPRC improperly requires a QF generating facility to be

constructed and ready to interconnect before a utility is obligated to enter into a

legally enforceable obligation to purchase the output of a QF.

b.      Enjoining Defendants to implement an implementation plan consistent with

PURPA and FERC's regulations.

c.      Awarding Plaintiffs such further relief as the Court may deem just and equitable.


Date:  May 30, 2019                        Respectfully submitted,

                                           Jason Marks

                                           /s/
                                           Jason Marks
                                           1011 Third St. NW
                                           Albuquerque, NM 87102
                                           505-385-4435
                                           lawoffice@jasonmarks.com

                                           Admitted to the Federal Bar, D.N.M.

                                           ORRICK, HERRINGTON & SUTCLIFFE LLP
                                           /s/
                                           Jonathan Guy
                                           Adam Wenner
                                           Cory Lankford
                                           Attorneys for Plaintiffs
                                           Columbia Center
                                           1152 15th St. N.W.
                                           Washington, D.C. 20005
                                           Telephone:     +1 202 339 8400
                                           Facsimile:     +1 202 339 8500
                                           jguy@orrick.com

                                           Associated Out-of-District Attorneys

4136-2316-8284.2

## CERTIFICATE OF SERVICE

I hereby certify that on May 30, 2019, I filed the foregoing Amended Complaint for Declaratory and Injunctive Relief, which caused the following parties or counsel service by electronic means, as fully reflected on the Notice of Electronic filing.

Judith Amer
Associate General Counsel
NMPRC
1120 Paseo de Peralta
Santa Fe, NM 87502
(505) 827-6074
*Attorney for* Defendants

Carol Clifford
Jerry Todd Wertheim
Jones, Snead, Wertheim & Clifford, P.A.
PO Box 2228
Santa Fe NM 87504
(505) 982-0011
*Attorneys for El Paso Electric Company*

By:      */s/*
Jason Marks

10